## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

JIMMY L SEWELL,
Petitioner,

v().

UNITED STATES OF AMERICA,
Respondent.

Case No. 1:22-1420-MMM

**OPINION AND ORDER**

Before the Court is Petitioner Jimmy Sewell's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1) and Petitioner's Motion for Counsel (ECF No. 2). For the reasons set forth below, Petitioner's § 2241 Petition is DISMISSED and his Motion for Counsel is DENIED.

**DISCUSSION**

**A. Motion for Counsel**

Petitioner filed a motion requesting Counsel to represent him in his § 2241 Petition. ECF No. 2. He asserts that he has been transferred to a halfway house and has limited access to legal material and thus, requests the assistance of a lawyer. A litigant is not entitled to a lawyer for a petition filed under 28 U.S.C. § 2241. *See United States v. Foster,* 706 F.3d 887, 888 (7th Cir. 2013). However, under 28 U.S.C. § 1915, a court may request an attorney represent a person unable to afford counsel. Before the Court will appoint counsel, the litigant must first demonstrate that he made a reasonable attempt to acquire counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654--655 (7th Cir. 2007). If the litigant made the proper attempt, the court considers whether a litigant appears able to litigate the case himself and whether an appointed counsel would be "reasonably likely to alter the outcome." *Id*. at 655–56, 660. Here, Petitioner has not made the threshold

1

showing that he attempted to secure counsel without court intervention. Petitioner also admits that he did not exhaust his administrative remedies, as explained below. Accordingly, it is unlikely that appointed counsel would alter the outcome in this scenario. Accordingly, Petitioner's Motion for Counsel (ECF No. 2) is denied.

### B. 28 U.S.C. § 2241 Petition

Petitioner is currently in the custody of the Federal Bureau of Prisons ("BOP") and housed at Pekin Federal Correctional Institution. Petitioner is challenging the way his good time credits are awarded and applied per the First Step Act of 2018. ECF No. 1 at 15. Petitioner alleges the BOP has failed to award his good time credit in the appropriate manner. He appears to assert that the BOP applied certain credits to the date he will be released to the halfway house, but Petitioner argues that they should first be applied to his release to supervision date.

His argument appears to be that he was reclassified as having a low risk of recidivism on November 3, 2022 which made him eligible to have these credits applied to his release date. ECF No. 1 at 8–10. He appears to have first sent an email request to staff on November 24, 2022. *Id.* at 9. He followed up with a written request to his case manager and team manager on November 28, 2022, arguing that he could be immediately released to supervision now that he has been reclassified as an inmate with a low risk of recidivism. A staff member responded the same day that he needed to start the administrative remedy process. *Id.* at 6. It appears that he did not attempt to begin any administrative remedy process and instead began drafting this petition the day after he received this response. *Id.* at 3.

Under Rule 4, Rules Governing Section 2254 Cases, the Court is required to review a petition filed under Section 2241 and determine whether it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. The Court's

preliminary review under Rule 4 reveals that Petitioner has not exhausted his administrative remedies.

A petitioner may obtain relief under § 2241 only after he exhausts his administrative remedies. *Carnine v. United States,* 974 F.2d 924, 927 (7th Cir. 1992). Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process results in the denial of the requested relief. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989). Where, as here, a petitioner complains that errors have been made with respect to internal BOP policies and calculations, it is the BOP that must be given the first opportunity to correct any such errors. *See Ramirez v. Zuerchis,* 2008 WL 4724289, at *2 (C.D. Ill. 2008). Petitioner has acknowledged in his Petition that he did not present his challenge to the computation of good time credit to the BOP. (ECF No. 1 at 6). Petitioner makes three unpersuasive arguments as to why he should be excused from exhaustion.

First, Petitioner cites unavailability of relief. Petitioner correctly cites Seventh Circuit precedent that states that "exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance." *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016) (citing *Dale v. Lappin*, 376 F.3d 652 , 655-56 (7th Cir. 2004)). While Petitioner is not required to go on a "scavenger hunt" to find the documents he needs, Petitioner gives no indication that he made any effort to determine how to initiate the administrative process. *See id*. Instead, a staff member responded the same day to Petitioner's written request regarding his concerns about his good time credit. ECF No. 1 at 6. Petitioner appears to have filed his habeas petition the next day. ECF No. 1 at 3.  He makes no mention of any attempt to decipher the method for formally contesting the application of his good

3

time credit. Accordingly, there is no reason to suggest that prison official refused to give him the necessary forms or that he even clearly asked, and thus, this is no reason to excuse exhaustion.

Petitioner also argues that his exhaustion should be excused because appealing would be futile. Petitioners citing futility "face a heavy burden" because they must demonstrate that there is "'no reasonable prospect'" that they could obtain any relief from the agency. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1017 (7th Cir. 2004) (quoting *Health Equity Res. Urbana, Inc. v. Sullivan*, 927 F.2d 963 , 965 (7th Cir.1991). Petitioner's argument in this section is not well supported but he suggests that BOP has a predetermined policy that violates the law. Petitioner later claims that BOP has violated the ex post facto clause of the United States Constitution and that BOP has no authority to determine a constitutional issue. Petitioner does not explain his reasoning behind his assertion that this has anything to do with the ex post facto clause. "The Ex Post Facto Clause prohibits the enactment of a 'law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'" *U.S. v. Lopez*, 222 F.3d 428, 440 (7th Cir. 2000) (quoting *Calder v. Bull,* 3 U.S. 386, 390 (1798)). Petitioner's complaint is about how the BOP is applying his earned good time credit under a law passed in 2018. Petitioner does not argue that he is retroactively receiving a greater punishment than the law allowed when he committed the crime and does not otherwise explain his reasoning. Regardless, "the Agency should have the opportunity, without reaching the constitutional issue, to provide the petitioner the ultimate relief requested in the first instance." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1017 (7th Cir. 2004). This serves both the purposes of exhaustion of "protecting administrative agency authority and promoting judicial efficiency." *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Thus, the Court finds that the agency should have the first opportunity to remedy any

alleged violation and Petitioner has not adequately supported his claim that endeavor would be futile.

Petitioner further argues that exhaustion should be excused because of unreasonable delay. ECF No. 1 at 3 (citing *O'Connell*, 355 F.3d at 1016). Petitioner's attached exhibits only reflect that he had filed emails and written requests to staff starting on November 23, 2022 and apparently began drafting his habeas petition within the same week. His emails also reflect that he was explaining that his pattern score was reduced to a low risk of recidivism on November 3, 2022. ECF No. 1 at 10. However, in his brief, he claims that he was reviewed for First Step Act eligibility on May 20, 2021. ECF No. 1 at 2. The records Petitioner provides reflect that his eligibility was reviewed on May 20, 2021 and further indicate that he earned a total of 460 days of First Step Act Credit, but that it was not applied towards his release date, just his release to a Residential Reentry Center or Home Confinement. ECF No. 1 at 11–12. Petitioner does not state that he attempted to start any administrative remedy in May of 2021. Instead, it appears that it was his reclassification to a low risk of recidivism in November of 2022 that prompted him to act. ECF No. 1. Staff responded to his inquiry swiftly and told him he needed to start the administrative process. ECF No. 1 at 5. Petitioner cannot skip the BOP process and claim it is their fault for not acting sooner. He also asserts, without support, that it would take 12 months, at a minimum, for him to go through the appeal process. *Id*. at 3. That assertion is contradicted by the cited regulation, 28 CFR § 542.18, which gives each of the levels of review a limited time to respond and allows an inmate to consider a lack of response within the required timeframe a denial. Accordingly, there is no evidence of undue delay or an unreasonable process. Instead, it appears that staff members responded quickly and told Petitioner to begin the formal administrative process, but he immediately filed a petition in court instead.

Petitioner has not provided a basis for excusing his failure to exhaust his administrative remedies and thus, it is appropriate for the Court to dismiss this Petition until he does so.

## CONCLUSION

As stated above, Petitioner's Motion for Counsel [2] is DENIED. Petitioner's [1] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE. Petitioner's Motion for Status [4] is now MOOT. The Clerk is DIRECTED to close this case. No certificate of appealability shall issue.

ENTERED this 30th day of January, 2023.

　　　　　　　　　　　　　　　　/s/ Michael M. Mihm
　　　　　　　　　　　　　　　　Michael M. Mihm
　　　　　　　　　　　　　　　　United States District Judge